IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01148-BNB

PATRICK L. BRENNER,

Applicant,

v.

WARDEN BRIGHAM SLOAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Patrick L. Brenner is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Brenner initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his convictions in three criminal cases in the Mesa County District Court. The three convictions being challenged were entered in case numbers 90-CR-75, 91-CR-30, and 91-CR-31.

On June 3, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Brenner to file an amended habeas corpus application pursuant to 28 U.S.C. § 2254 because he is challenging the validity of his convictions and not the execution of his sentence. Magistrate Judge Boland specifically advised Mr. Brenner that he must allege specific facts in support of his claims to demonstrate that his constitutional rights have been violated. On June 16, 2008, Mr. Brenner filed an amended habeas corpus application pursuant to § 2254.

The Court must construe the amended application liberally because Mr. Brenner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended habeas corpus application and dismiss the action.

As noted above, Mr. Brenner is challenging the validity of three state court criminal convictions. However, he fails in the amended application to assert specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. In fact, only one of Mr. Brenner's six claims for relief is asserted clearly as a federal constitutional claim but even that claim lacks any specific supporting factual allegations. As Mr. Brenner was advised by Magistrate Judge Boland in the order directing Mr. Brenner to file an amended application, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires more than notice pleading, *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977), and naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the Court notes that Mr. Brenner previously has filed habeas corpus actions challenging the validity of all three of the convictions he is challenging in this action. In 05-cv-01601-ZLW, Mr. Brenner challenged the validity of his conviction in Mesa County District Court case number 90-CR-75. The Court dismissed 05-cv-01601-ZLW without prejudice for failure to prosecute. In 06-cv-00049-ZLW, Mr. Brenner

2

challenged the validity of his convictions in the other two Mesa County District Court cases, case numbers 91-CR-30 and 91-CR-31. The Court dismissed 06-cv-00049-ZLW as barred by the one-year limitation period. In 07-cv-01822-ZLW, Mr. Brenner again challenged the validity of his convictions in 91-CR-30 and 91-CR-31. The Court transferred 07-cv-01822-ZLW to the United States Court of Appeals for the Tenth Circuit because Mr. Brenner had not obtained authorization to file a second or successive habeas corpus application.

Mr. Brenner still does not allege that he has obtained authorization to file a second or successive habeas corpus application challenging his convictions in 91-CR-30 and 91-CR-31. Therefore, he may not challenge those convictions in this Court. However, Mr. Brenner's prior case challenging his conviction in 90-CR-75 was dismissed without prejudice and no authorization is necessary to file a new application challenging that conviction. Therefore, the Court cannot transfer the entire action to the Tenth Circuit. Instead, the Court will dismiss the entire action because Mr. Brenner fails to assert clearly any violations of his federal constitutional rights. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to assert clearly the violation of a federal constitutional right.

DATED at Denver, Colorado, this 17 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01148-BNB

Patrick L. Brenner
Prisoner No. 66893
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk